132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Domingo Rabi MALDONADO-HERNANDEZ; Basilia Perez De
Maldonado, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70357, Aay-dtc-aoi, Ayy-plr-xks.
 United States Court of Appeals, Ninth Circuit.
 Dec. 18, 1997.
Submitted Dec. 15, 1997.**
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before SNEED, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Domingo R. Maldonado-Hernandez and his wife Basilia Perez de Maldonado, natives and citizens of Guatemala, petition pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from the immigration judge's ("IJ") decision denying their applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act 8 U.S.C. § 9 1158(a) & 1253(h).[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[2] We review the BIA's findings regarding Maldonado-Hernandez's statutory eligibility for asylum for substantial evidence, see INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992), and we deny the petition.
 
 
 3
 Maldonado-Hernandez contends that he is eligible for asylum because he was persecuted on account of imputed political opinion. This contention lacks merit because Maldonado-Hernandez failed to show that his alleged persecutors acted on account of any political opinion they imputed to him. See Sangha v. INS, 103 F.3d 1482, 1490 (9th Cir.1997). Moreover, the record does not show that he was persecuted on account of any of the other statutory categories eligible for asylum. See Elias-Zacarias, 502 U.S. at 482. Accordingly, substantial evidence supports the BIA's conclusion that Maldonado-Hernandez failed to show statutory eligibility for asylum. See id. at 481.
 
 
 4
 Maldonado-Hernandez's contention that he is eligible for withholding of deportation fails because he cannot meet the higher standard of clear probability of future persecution necessary for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 5
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Basilia Perez de Maldonado's application for asylum is derived from her husband's, we will refer only to Mr. Maldonado-Hernandez's application
 
 
 [2]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IRRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners, whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IRRIRA § 309(c)(1)